# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

STAGS LEAP RANCH DEVELOPMENT, LLC,

Plaintiff,

v.

SEVENSON ENVIRONMENTAL SERVICES, INC., et al.,

Defendants.

Civil No. 17-2863 (RMB/AMD)

**OPINION**

APPEARANCES:

LIPMAN, ANTONELLI, BATT, GILSON, ROTHMAN & CAPASSO
By: Steven L. Rothman, Esq.; Jane B. Capasso, Esq.
110 N. Sixth Street, P.O. Box 729
Vineland, New Jersey 08362
  Counsel for Stags Leap Ranch Development, LLC

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
By: Scott A. Levin, Esq.; Jeffrey L. Petit, Esq.
1300 Mount Kemble Avenue, P.O. Box 2075
Morristown, New Jersey 07962
  Counsel for Sevenson Environmental Services, Inc.

BLANEY & KARAVAN, P.C.
By: Frank Guaracini, Esq.
2123 Dune Drive, Suite 11
Avalon, New Jersey 08202
  Counsel for Borough of Stone Harbor

**BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon the filing of a motion for summary judgment by Defendant Sevenson Environmental Services, Inc. ("Defendant" or "Sevenson") seeking dismissal of the above-captioned matter in its entirety, and a cross-motion for partial summary judgment by Plaintiff Stags Leap Ranch Development, LLC ("Plaintiff" or "Stags Leap"). For the reasons set forth below, the Court will deny both Defendant's motion and Plaintiff's cross-motion.

I. **FACTUAL AND PROCEDURAL HISTORY**

On February 15, 2017, the parties entered into a Service Purchase Order (the "Agreement"), which states that Stags Leap "shall accept dredge spoils from the Stone Harbor project that meet NJAC 7:26D criteria for residential material" at a price of $9.50 per ton. (Plaintiff's Response to Local Civil Rule 56.1 Statement on Behalf of Defendant ¶¶ 2-3 ("Pl's. Resp.")[Dkt. No. 39]). The Agreement also states, in relevant part, that "[n]o waiver or change by [Sevenson] of any term hereof shall be effective unless in writing subscribed by an officer of [Sevenson]." (Id. ¶ 19).

Between February 16, 2017 and March 6, 2017, Defendant delivered approximately 19,498.84 tons of dredge material, all of which was accepted by Plaintiff. Defendant paid Plaintiff a

2

total of $185,239.01, representing payment at a price of $9.50 per ton for all dredge material. (Id. ¶ 4).

Although Defendant paid the price set forth in the initial Agreement, Plaintiff claims that the parties modified the Agreement, on February 27, 2017, to reflect an increased price for the disposal of dredge materials after tests allegedly indicated that Defendant's earlier deliveries failed to meet NJDEP "clean fill" residential soil samples. On March 24, 2017, Plaintiff filed a complaint against Defendant based upon Sevenson's refusal to pay the increased price in the allegedly modified contract. The matter was removed to this Court on April 26, 2017, pursuant to 28 U.S.C. §§ 1332 and 1141 (diversity of citizenship).

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might impact the "outcome of the suit under the governing law." Gonzalez v. Sec'y of Dept of Homeland Sec., 678 F.3d 254, 261 (3d Cir. 2012). A dispute is "genuine" if the evidence would allow a reasonable jury to find for the nonmoving party. Id.

In determining the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable inferences and doubts should be resolved in favor of the nonmoving party. Melrose, Inc. v. City of Pittsburgh, 613 F.3d 380, 387 (3d Cir. 2010). However, a mere "scintilla of evidence," without more, will not give rise to a genuine dispute for trial. Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). Moreover, a court need not adopt the version of facts asserted by the nonmoving party if those facts are "utterly discredited by the record [so] that no reasonable jury" could believe them. Scott v. Harris, 550 U.S. 372, 380 (2007). In the face of such evidence, summary judgment is still appropriate "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Walsh v. Krantz, 386 F. App'x 334, 338 (3d Cir. 2010).

The movant has the initial burden of showing through the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits "that the non-movant has failed to establish one or more essential elements of its case." Connection Training Servs. v. City of Phila., 358 F. App'x 315, 318 (3d Cir. 2009). "If the moving party meets its burden, the burden then shifts to the non-movant to establish that summary judgment is inappropriate." Id. In the face of a properly supported motion for summary judgment, the nonmovant's burden is

rigorous: he "must point to concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. Orsatti v. New Jersey State Police, 71 F.3d 480, 484 (3d Cir. 1995); accord. Jackson v. Danberg, 594 F.3d 210, 227 (3d Cir. 2010) (citing Acumed LLC. v. Advanced Surgical Servs., Inc., 561 F.3d 199, 228 (3d Cir. 2009) ("[S]peculation and conjecture may not defeat summary judgment."). However, "the court need only determine if the nonmoving party can produce admissible evidence regarding a disputed issue of material fact at trial"; the evidence does not need to be in admissible form at the time of summary judgment. FOP v. City of Camden, 842 F.3d 231, 238 (3d Cir. 2016).

## III. ANALYSIS

Sevenson moves for summary judgment, arguing (1) that the parties could not, as a matter of law, consent to an oral modification of the initial Agreement, and (2) that, under the UCC, Plaintiff could not modify the Agreement due to nonconformity after already accepting the dredge materials. The Court finds both of Defendant's legal arguments unpersuasive.[1]

---

[1] The Court will not address Defendant's unsupported argument under the UCC, as Defendant has failed to provide sufficient legal basis, or facts, to establish that Defendant, Plaintiff,

5

Contrary to Defendant's assertion, under common law, parties may waive a "no oral modification" clause by entering into an otherwise enforceable oral agreement. See <u>McGrath v. Poppleton</u>, 550 F.Supp.2d 564, 571 (D.N.J. 2008)(citing Williston on Contracts § 29:42); <u>China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.</u>, No. 15-6210, 2018 WL 2135013, at *12 (D.N.J. May 9, 2018).[2] Therefore, the question is not whether the parties <u>could</u> orally modify the Agreement, but rather <u>if</u> they actually did so.

In Plaintiff's Cross-Motion for Summary Judgment, Stags Leap asks the Court to find (1) that the Agreement was modified by the parties to reflect an increased price for dredge materials, and (2) that Defendant did not deliver any dredge materials that met NJDEP residential soil standards. However, Defendant denies that it consented to the modified Agreement and

---

and the dredge materials meet the definitions of "seller," "buyer," and "goods," respectively, under the UCC.

[2] Defendant's reliance on <u>Provident Bank v. Antonucci</u>, 2014 WL 7051781, at *6 (D.N.J., Dec. 12 2014) is misplaced because <u>Provident Bank</u> involves unique issues regarding the ability to relinquish enforcement remedies in a commercial loan contract under the New Jersey Statute of Frauds.

6

disputes Plaintiff's allegation that Defendant delivered "contaminated" dredge materials to Stags Leap (Def.'s Reply, at 1-4 [Dkt. No. 49]).

After carefully reviewing the conflicting accounts in the record, the Court finds that there are genuine disputes of material fact regarding the enforceability of the alleged modification, the terms of the alleged modification, and the quality of the dredge materials.  Accordingly, these issues of material fact preclude summary judgment.

**IV.  <u>CONCLUSION</u>**

For the reasons set forth above, Defendant's Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment will be denied without prejudice.  An appropriate Order shall issue on this date.

DATED: September 21, 2018

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE